This is a divorce case.
We have reviewed the record. Oral testimony presented to the trial court supported the following finding of fact which was contained in the divorce judgment.
 "The parties have been married for twenty-seven years. They had two children, both have now reached majority. The son is self-supporting and the daughter attends college with financial assistance from the husband, but she also has a scholarship. The parties jointly own a residence in Pleasant Grove with an adjoining lot, and various items of personal property, including three automobiles. The husband has been employed with what is now Norfolk and Southern Railway for twenty-three years, is a chief dispatcher and earns approximately $2,400.00 per month, net. The wife has primarily been a homemaker during the marriage. She has had back problems and is forty-nine years of age.
 "There is currently approximately $40,000.00 on deposit in a savings account with Guarantee Savings and Loan Association with the wife and the son of the parties listed as account holders. The wife testified that these funds are an accumulation of monies given to her by her parents and was to be used by her to care for them in their declining years. Her father is now deceased and her mother is elderly. Throughout the marriage, the parties have helped care for the wife's parents and have worked on the parents' farm, making as many as four to five trips per week to her parents' home in Cullman County. These trips have become a source of problems between the parties during the past several years. The husband testified that the $40,000.00 total resulted partly from what her parents gave them for working on the farm and from his contributions to the account. The Court finds that this money is part of the wife's separate estate and, therefore, not subject to distribution by this order. The evidence does show, however, that the interest from these funds has been used from time to time for family purposes. Interest on the account for 1983 was $5,379.96. The wife also has an undivided 1/9th interest in her parents' farm, which has a current market value of $300,000.00.
 "The wife is owner of a $60,000.00 account at Central Bank, which she holds in trust for her mother."
By that judgment, the parties were divorced on no-fault grounds. The wife was awarded the residence of the parties which they had jointly owned since 1967, when they purchased it for $13,500, and which is now reasonably worth around $40,000 according to the wife. She was required to *Page 1087 
pay the $1,500 balance due upon the home mortgage. The monthly mortgage payments of $105 include insurance and taxes on the residence. The wife was further granted a 1978 Buick Skylark automobile, most of the household items, and other personal property.
The husband was awarded the following: his I.R.A., which he testified has a present value of about $7,000, some of the household and personal property, a 1982 Buick Skylark car, and a 1984 Buick Regal automobile. He was ordered to pay the remaining indebtedness against those two vehicles.
The husband has to provide periodic alimony to the wife of $300 per month.
The husband complains upon his appeal that the alimony award and the property division were inequitable and constituted a palpable abuse of judicial discretion.
A division of property and award of periodic alimony in a divorce case both fall within the sound judicial discretion of a trial court, whose decision will be reversed only for a clear abuse of that discretion. Since the conflicting testimony was heard by the trial court, the findings as to periodic alimony and as to a division of property are presumed to be correct and can be set aside on appeal only if they are palpably wrong. A division of property should be equitable but it does not have to be equal. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App. 1984).
The record contains credible evidence that the wife's separate estate as enunciated by the trial court came to her entirely through gifts from her parents, inheritance from her father, or the future possibility of inheritance from her elderly mother.
As to the monthly alimony award of $300 to the wife, her only income consists of interest of $373 per month which she receives from the $40,000 deposit. It appears that the trial court must have considered that interest income and her separate estate in fixing the amount of periodic alimony, for she will have much difficulty in meeting those expenses which she testified about from monthly total receipts of $673.
The husband's net monthly wages exceeded $2,400. His itemized expenses of almost $1,960 per month included those of the daughter and rather stiff payments on the two Buick automobiles awarded to him. His average monthly income in 1984 through May of that year exceeded by $200 the total of his monthly expenses, which he testified about, and his alimony payments.
We find no abuse of discretion in the alimony award and the trial court was not palpably wrong.
As to the division of property, the main thrust of the husband's argument is that the trial court erred in granting to the wife his interest in the residence and in the two lots upon which it is situated or which are used in connection with the home. Outside of the husband's future railroad retirement benefits, the home was the most substantial asset that was realized by the parties through their own efforts during the marriage. The wife is required to pay the relatively small balance due upon the residential mortgage, the total monthly payment upon it being $105. According to the husband's testimony, the wife could not find a comparable place to live for $105 a month.
In light of the length of the marriage, the retirement benefits which the husband has built up, the age of both parties (forty-nine), their health, the future prospects of each of the parties, and all of the circumstances of the case, the trial court did not abuse its discretion in preserving the home for the wife and in otherwise dividing the property in the manner as set forth in the judgment. In short, after carefully reading and considering all of the evidence, we are unable to hold that the property award to the wife was so disproportionate to that of the husband as to be inequitable or an abuse of discretion. Thompson v. Thompson, 377 So.2d 141
(Ala.Civ.App. 1979).
We affirm. *Page 1088 
The wife requests an attorney's fee for representation on this appeal. An award against the husband in the amount of $750 for that purpose is hereby made.
The foregoing opinion was prpared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.