This is a divorce case. The issue on appeal is whether the trial court's award of alimony and property to the wife constitutes an abuse of discretion.
The parties were divorced on July 1, 1985, after thirty years of marriage. One child, Christopher, was born of the marriage. The husband is fifty-five years old. He retired from the United States Air Force as a master sergeant and is presently employed with the Veterans Administration. *Page 593 
The husband receives $584 every two weeks from his job with the Veterans Administration. He receives $850 per month retirement pay and $66 monthly for a disability rating from the military. The wife is forty-eight years old and has a tenth-grade education. Within a six-month period in 1984, the wife was diagnosed as having breast cancer and underwent a partial mastectomy and also had her right leg amputated due to complications from an insect bite. For the past ten years the wife has worked at CCA Associates as a Division Manager of Quality Sales. When working full time (which the wife is presently unable to do) she earned less than $200 per week take-home pay. There was evidence that during the marriage the wife contributed to the household expenses incurred by the parties; that she bought groceries on a regular basis, bought household furnishings, paid for the couple's entertainment activities, and purchased clothing and other personal items for her son and husband; that she also kept house, cooked, and manicured the lawn.
The wife's leg was amputated in November 1984. She remained hospitalized until December 1984. Two days after she returned home, her husband had her name removed from joint certificates of deposit totaling some $60,000. The wife testified that after her return from the hospital, her husband was vicious and hateful toward her. Shortly after her return from the hospital, the wife contacted her attorney about obtaining a divorce. She filed the divorce complaint in January 1985. Fearful of what her husband would do once the divorce proceedings were commenced, she requested and the court granted a restraining order against the husband disposing of assets.
During the pendency of the divorce, the husband refused to pay alimony or comply with the court's pendente lite order. He was in arrears at the final divorce hearing, although he was financially able to comply. The wife paid her own utility bills, medical bills and nursing care bills, which the husband had been ordered to pay under the pendente lite order.
The trial court granted the divorce on July 1, 1985, after hearing extensive testimony. The court divided the assets accumulated during the marriage thusly: the wife received the home (valued at $68,000), the household furnishings, a 1981 Buick, periodic alimony in an amount equal to fifty percent of the gross military retirement pay of the husband, $16,000 from an IRA which was in her name, half ($25,000) of the accumulated certificates of deposit and all possible, future recoveries in Workmen's Compensation and/or malpractice claims. The husband received an equity interest of $35,000 in the home, a 1973 Ford Pinto, a 1977 boat and Evinrude motor and trailer, a $6,000 IRA, and half of the accumulated certificates of deposit. The court further ordered the husband to pay $2,500 in attorney fees to his wife's attorney.
The husband contends that since he paid most of the household bills, made the mortgage payments on the house and contributed most of the money in the certificates of deposit, he is entitled to the bulk of the assets accumulated during the marriage.
The division of property and the granting of alimony are matters within the sound discretion of the trial court. This discretion will not be disturbed on appeal unless palpably wrong. Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App. 1984); Abrell v. Abrell, 454 So.2d 1024 (Ala.Civ.App. 1984). A division of property does not have to be equal. It must only be equitable, with each case decided on its own facts. Reynolds v.Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979). We find no abuse of discretion from the evidence when viewed in light of the length of the marriage, the physical condition of the wife, and her contribution to the welfare of the family unit. We therefore affirm the judgment of the trial court.
The wife requested an award of attorney fees for this appeal. It is the judgment of the court that the wife be awarded the sum of $500 as attorney fees.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 594