This is a divorce case.
The husband complains upon his appeal that the trial court erred by abusing its discretion in dividing the property of the parties, in granting alimony in gross to the wife, and in awarding an attorney's fee to counsel for the wife.
A division of property and the award of alimony in gross in a divorce case are matters which fall within the discretion of a trial court, whose decision thereon will not be altered on appeal unless that discretion was clearly abused. In all cases where a contested evidentiary trial was conducted before the trial court, its findings as to those issues are presumed to be correct and can be set aside on appeal only if they were palpably wrong. A division of property does not have to be equal, but it must be equitable. Burns v. Burns, 473 So.2d 1085
(Ala.Civ.App. 1985); Dixon v. Dixon, 472 So.2d 1073
(Ala.Civ.App. 1985); Weaver v. Weaver, 460 So.2d 181
(Ala.Civ.App. 1984); Brand v. Brand, 444 So.2d 866 *Page 951 
(Ala.Civ.App. 1984). Likewise, an attorney's fee may be allowed in divorce cases in the discretion of the trial court. Ray v.Ray, 379 So.2d 627 (Ala.Civ.App. 1980).
We have carefully read and considered the entire clerk's record, the trial transcript, and the briefs of able counsel. While we see no precedential need to summarize the facts, we have no difficulty in holding that the evidence supported the final judgment. The trial court was not palpably wrong and did not abuse its discretion as to any of the issues before us.
The judgment appealed from is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.