This is a divorce case.
The following is revealed after a review of the record in accordance with the attendant presumptions concerning the final action of the trial court as to periodic alimony, alimony in gross, and the division of the parties' property.
This couple was married in 1957, the wife being fourteen years of age and the husband seventeen. At that time she dropped out of the sixth grade and the husband quit the ninth grade. They separated in 1983. Both of their children are adults.
Through the hard work and efforts of the husband, he built up a trucking business so that his business real estate, which was in the joint names of the parties, is worth about $124,000. The husband values his corporate stock at $140,000. While it is far from certain, the evidence reveals that the husband may still owe around $68,500.
The parties also own a trailer and the lot upon which the trailer is located, the total appraised value of both being $7,639. The wife has lived in the trailer since February 1984.
About ten years ago the husband purchased the business real estate. In order to be close to his business, he moved into a residence thereon which is situated in the middle of the property. The business and residential uses of the property cannot reasonably be separated.
There was evidence that, during the past ten years, the wife effectively resided with the husband for a total of only two years and even then she did not prepare most of his meals since she visited with her parents a great deal of the time. Some testimony also indicated that the wife chose her family instead of her husband and that she cursed and downgraded him before the children and to other members of his family. The wife disputed most of the above.
The husband traded and transferred his trucks, semi-trailers, and truck parts to a corporation for the corporate stock which he presently owns. He is employed by that corporation, with his take-home salary being about $2,200 per month. He also receives $685 per month as rent from some of the business property.
The wife contends that she has an ulcer and a spastic colon. She hopes to be a private sitter, earning minimum wage. She estimated that her personal expenses exceeded $900 per month. They included burial insurance of $90, groceries of $275, utilities of $148, and automobile expenses of $230. She concluded that the husband has had affairs with other women, but he denies those allegations.
After hearing much testimony, the trial court rendered a divorce on the ground of incompatibility. The wife received the following: alimony in gross of $10,000, payable within thirty days; alimony in gross of *Page 1382 
$1,000 per month for seventy-five consecutive months; periodic alimony of $100 per month; the mobile home and lot; and all household furniture, furnishings, and appliances. The husband was awarded the business property subject to a lien against it until he pays the alimony in gross in full, the corporate stock, and his tools and equipment. Each party received a motor vehicle.
The wife now appeals and argues through her able counsel that the trial court abused its discretion and rendered an inequitable decision pertaining to periodic alimony, alimony in gross, and the division of the property of the parties.
Where a trial court conducts an ore tenus trial, its judgment is presumed to be correct and will not be altered on appeal unless it was so unsupported by the evidence as to be palpably wrong. Threadgill v. Threadgill, 487 So.2d 935
(Ala.Civ.App. 1986). In divorce cases issues regarding the division of property and the awards of alimony in gross and periodic alimony fall within the discretion of the trial court, whose decision thereon will be reversed only for a clear abuse of that discretion. Holmes v. Holmes, 487 So.2d 950
(Ala.Civ.App. 1986); Burns v. Burns, 473 So.2d 1085 (Ala.Civ.App. 1985);Brand v. Brand, 444 So.2d 866 (Ala.Civ.App. 1984). While a division of property does not have to be equal, a divorce judgment must equitably distribute property between the parties. Holmes, supra; Burns, supra. Each of the three issues under consideration is interrelated, and the judgment of the trial court must be considered in its entirety in determining whether the trial court abused its discretion as to any of such particular issues. Keleher v. Keleher, 389 So.2d 1160
(Ala.Civ.App. 1980).
After carefully reading and considering all of the evidence in light of the above rules, we are unable to hold that the alimony in gross and property awards to the wife were so disproportionate as to be inequitable or to constitute an abuse of discretion. Thompson v. Thompson, 377 So.2d 141
(Ala.Civ.App. 1979). As to periodic alimony, we have considered the evidence, all relevant factors, and the trial court's entire final judgment. When an appellate court is uncertain from such a consideration whether the amount of an award of periodic alimony is either excessive or inadequate, the party having the burden of persuasion as to that issue has failed to overcome the presumption of correctness, since it is not easily perceptible, or plain, or obvious that the trial court was wrong in establishing the amount of its award of periodic alimony. Snow v. Snow, 393 So.2d 1020 (Ala.Civ.App. 1981). We experience that uncertainty in this case.
We affirm for the foregoing reasons.
The wife's request for an attorney's fee on this appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.