EDWARD N. SCRUGGS, Retired Circuit Judge.
The issues in this divorce case concern the division of personal property between the parties.
The wife introduced a two-page list of personal property that she claimed or desired, and she testified that most of it belonged to her and that she already possessed some of those articles. Some items were awarded by the trial court to the husband, but the major portion in both number and in value of those listed chattels was granted to the wife.
The husband testified at length as to that listed personal property. He had packed or stored most of it in boxes, in his truck, or at his mother’s home for delivery to the wife when everything was settled. The husband was not familiar with, or could not find, some of the listed items. Some of the remaining articles were bought and used jointly or severally by both parties, were gifts to them, or had belonged to one of the parties at the time of the marriage.
The house was in the husband’s name, having been purchased by him before the marriage, and it was awarded to him. He still resides there. Since only a few items of furniture or appliances were on the wife’s list and the remainder thereof were not mentioned in the divorce judgment, the remaining furniture, appliances, and household items which are in the home would be considered to be the husband’s property.
The parties married in January 1983 and separated four years later. During that time, the wife’s earnings were $85,500 and the husband’s $48,200. The wife testified that, except for about $6,000 which she saved, all of her income was spent upon the family. The husband had three children by a prior marriage. The husband admitted that the wife spent more on his children's schooling than he did. She bought 99 percent of their clothing. The wife provided funds for trips by his daughter to Washington and to London, and she gave that daughter, who was in college, from $500 to $900 per month. She further paid $230 per month during most of the four years for medical insurance for the two parties and for the husband’s three children. The wife paid $1,000 down on a vehicle for one of the husband’s sons. All of the above payments or gifts from the wife were derived from her salary.
*528 In a divorce case, the division of property falls within the discretion of the trial court, and we will not disturb the judgment on that issue unless there was a palpable abuse of discretion. Where a contested trial is conducted before the trial court, its division of property between the parties is presumed to be correct, i.e., equitable, and can be set aside on appeal only if it was clearly wrong. While a division of property does not have to be equal, it must be equitable. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
We have carefully read and studied the evidence. There was adequate proof to justify a division of the personal property. The trial court was not palpably wrong nor did it abuse its discretion in the division of property between the parties.
We affirm.
The wife is granted $500 as an attorney’s fee on this appeal, which the husband shall pay to her.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of Section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.