HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing the trial court divorced the parties and ordered the husband to pay alimony in gross and periodic alimony and effected a property division.
The husband, through able and distinguished counsel, appeals, contending that the trial court erred by considering certain assets, which were held in the joint names of the husband and youngest son, to be marital assets. These jointly-held assets consisted of a Charles Schwab investment account (hereinafter Schwab Account) and *177 Philadelphia Electric Company stock (hereinafter Electric Company stock), with a combined value in excess of $400,000.
The trial judge, among other things, awarded the wife marital assets worth approximately $320,000, $115,000 alimony in gross, and $800 per month in periodic alimony. The husband was awarded the remaining assets with a value of approximately $180,000 and “any interest” he may own in the Schwab Account and Electric Company stock.
The husband argues that the property division was inequitable because the jointly-held assets in fact belong to the youngest son and not the husband. However, the husband admits in brief that, if it was proper to include the Schwab Account and Electric Company stock assets in the marital estate, then the resultant increase in assets awarded to the husband would make the property division equitable. Stated another way, if the husband has an interest in the assets held in the joint names of the husband and youngest son, then the trial judge’s property division was equitable.
The dispositive issue on appeal is whether the trial judge properly considered the assets held in the joint names of the husband and youngest son as an asset of the husband in dividing the marital property.
We note at this point that, since we view the awards to the wife to be generous, we must conclude that the trial judge obviously considered the Schwab Account and Electric Company stock assets to be, in some part, assets of the husband.
It is well established that the award of alimony and division of property are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Further, a division of property in a divorce case should be equitable, but it does not have to be equal. Burns v. Burns, 473 So.2d 1085 (Ala.Civ.App.1985).
A review of the record shows that the wife presented evidence establishing that the Schwab Account and Electric Company stock were registered jointly in the names of the husband and youngest son. In fact, it is never disputed that the account was a joint account.
To rebut this joint ownership, the testimony of the husband, which was corroborated by another son and daughter, indicated that, while the account was a joint account, the underlying assets did in fact belong to the youngest son and that the husband only managed these assets for the benefit of the son.
However, on cross-examination the husband admitted to frequently taking his and his wife’s personal monies and depositing them in the account bearing the joint names of the husband and son.
In view of the above, we cannot say that the trial court was in error in concluding that the husband had an interest in the $400,000 of joint assets. To do so would be to substitute our judgment for that of the trial court; this the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
When evidence is in conflict, it is the duty of the trier of fact to resolve that conflict, and it is not the reviewing court’s duty to substitute its judgment for that of the trier of fact. Miller v. Culver, 447 So.2d 761 (Ala.Civ.App.1984).
The wife has received assets of an approximate value of $450,000. The husband has received assets worth approximately $180,000, plus his interest in the Schwab Account and Electric Company stock, with a combined value in excess of $400,000; this distribution does not require reversal.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.