This is a divorce case.
After an ore tenus hearing the trial court divorced the parties and awarded permanent custody of the parties' three children to the wife. The court in part ordered the following: (1) the husband is to pay child support in the amount of $250 per month per child; (2) the husband is to pay $200,000 alimony in gross to be paid in a lump sum or at his election to be paid $20,000 per year; (3) the husband is to pay $5,000 per year for four years as periodic alimony; (4) all personal property now in *Page 965 
the possession of the husband is his absolutely; (5) all personal property now in the possession of the wife and children is theirs absolutely, including the Mercedes automobile; (6) the husband is to pay $42,000 to assist in paying the wife's attorney fees.
The wife, through able counsel, appeals, contending that the trial court abused its discretion in the awards of alimony, property division, child support, and attorney fees.
At the outset we note that, in reviewing the judgment by the trial court, we are governed by the well-established oretenus rule. Under this rule when the trial court has been presented evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. Phillips v. Phillips, 489 So.2d 592
(Ala.Civ.App. 1986). Moreover, the matters of which the wife complains — the award of alimony and child support, the division of property, and attorney fees — are all committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused its discretion or that its determination is plainly and palpably wrong. Lucero v.Lucero, 485 So.2d 347 (Ala.Civ.App. 1986);Phillips, 489 So.2d 592.
In view of the numerous decisions of this court and our supreme court on the issue of an abuse of discretion of the trial court in divorce cases, we perceive no precedential value in relating all of the facts of the instant appeal.
We do note that both parties are from wealthy families and that each has a substantial separate estate. Further, both husband and wife agreed that all grounds for divorce on either side would be stricken except incompatibility of temperament. Therefore, fault was not an issue.
This case has been before the court for approximately two years, and the trial itself lasted for approximately a week. There were multiple documents admitted pertaining to the assets of each party as well as the extensive debts owed.
Further, there was conflicting evidence as to the income of the husband. There was evidence that, if believed, would show that the husband's income in previous years had been considerably more than his present income. However, there was also testimony that this higher income was unusual. There was also evidence that, if believed, would show that a portion of the husband's income could be attributed to gifts from his mother and that the husband's future earning prospects were not as great as they had been in the past.
In view of the above, we find no abuse of discretion by the trial court in the amount of the awards of periodic alimony, alimony in gross, child support, or attorney fees. Although this court may not necessarily agree with the amounts of the awards, absent abuse of discretion or palpable error, this court will not reverse the judgment of the trial court.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
However, as concerns the method of payment of the alimony in gross, we do find an abuse of discretion.
As noted above, the trial court allowed the husband the option of paying the $200,000 in a lump sum or in $20,000 per year installments. Clearly, the award to the wife was not "generous," and in view of the totality of the evidence in this case, allowing the husband to pay this award over ten years was error. To allow the husband the option of yearly payments would allow, in this instance, the husband to have the "use" of the wife's funds, i.e., the award of alimony in gross. This, in view of the totality of the awards, requires reversal. Therefore, that part of the trial court's order allowing this option is hereby reversed, and the husband is ordered to pay this amount instanter.
The wife also raises several evidentiary issues; however, we pretermit any discussion of these. Assuming without deciding that this was error, we find that it was harmless. Chancev. Dallas County, Alabama, 456 So.2d 295 (Ala. 1984).
The wife's request for attorney fees is hereby granted in the amount of $1,000. *Page 966 
This case is due to be affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART.
BRADLEY, P.J., and INGRAM, J., concur.