PER CURIAM.
After an ore tenus proceeding, the trial court entered a judgment of divorce, which dissolved the marriage of Sharon Ann and John Jackson Burgess. The judgment contained specific provisions for the division of marital property, plus a requirement for Mr. Burgess to pay $60,000 to Mrs. Burgess as alimony in gross. Following motions filed by both parties, the trial court amended its original judgment to allow for a future balloon payment from a real estate note to be made to Mr. Burgess. The rest of the original judgment remained intact. From the decision of the trial court, Mr. Burgess appeals.
Succinctly stated, Mr. Burgess argues on appeal that the trial court erred in its division of property between the two parties, and in its awarding Mrs. Burgess the alimony in gross.
A trial court’s judgment, in a divorce case presented ore tenus, is presumed to be correct until it is shown that the judgment is plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990). Also, the trial court’s decision regarding the division of marital property will not be reversed absent a showing of an abuse of discretion. Lane v. Lane, 553 So.2d 1150 (Ala.Civ.App.1989).
Mr. and Mrs. Burgess, ages 63 and 49 respectively, were married for approximately twenty years. During that time, she worked as a registered nurse, and he operated a local trucking company. Although each have two adult-aged children from previous marriages, this marriage produced no children.
The trial court divided the marital property by awarding Mrs. Burgess the family residence and an adjoining lot, a mausoleum, benefits from an employment retirement plan and two annuity contracts, proceeds in the form of monthly payments from the sale of river property, personalty including a car and some bank accounts, and $60,000 as alimony in gross. Mr. Burgess retained his sixty-five percent interest in the family trucking business, and was awarded all other real estate, three burial plots, all personalty not given specifically to Mrs. Burgess, and a balloon payment from the sale of the river property in the amount of $26,142.87, to be collected in December of 1994. Each spouse was held accountable for certain marital debts.
The division of property and the award of alimony in gross in a divorce case are matters within the sound discretion of the trial court, whose decision will not be altered on appeal unless that discretion was clearly abused. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986). The division of marital property does not have to be equal, but it must be equitable. Holmes.
We note that the trial court had the advantage of hearing detailed testimony concerning Mr. and Mrs. Burgess’s marital property and Mr. Burgess’s majority interest in the trucking business, and made its decision in accordance with that testimony.
After a careful review of the record, we cannot find that the trial court committed a clear abuse of discretion, nor can we find that the trial court’s judgment is plainly and palpably wrong or unjust. Consequently, this case is due to be affirmed.
Mrs. Burgess’s request for an attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED.
All the Judges concur.