Following an ore tenus proceeding, the trial court entered a divorce decree which granted the wife custody of the minor child *Page 1044 
born of the marriage and awarded child support in the amount of $510 per month set in accordance with Rule 32, Alabama Rules of Judicial Administration. The trial court also made a division of the marital property and awarded the wife the sum of $25,000 as alimony in gross which the husband had the option of paying at the rate of $500 per month.
The wife raises three issues on appeal: 1) whether the trial court abused its discretion in the amount of the child support award; 2) whether the trial court abused its discretion in the division of the property; and 3) whether the trial court erred in allowing the husband to pay $25,000 as a property settlement and as alimony in gross at the rate of $500 per month.
The judgment of the trial court entered after an ore tenus proceeding is presumed to be correct. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). Matters such as child support, the division of marital property, and the award of alimony are within the sound discretion of the trial court, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion or that its determination is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
The record reflects that the parties entered into a common law marriage in 1985 and lived together until June 6, 1990, when they separated. One child was born of this marriage. At the time of trial, the child was 5 years old, the wife was 26 years old, and the husband was 64 years old. During the marriage the wife attended an interior decorating school for one year, and at the time of trial was employed selling cellular phones where her income was $1,000 per month plus commission. The husband operates a bar and grill. No useful purpose would be served to further detail the facts in this case.
As to the child support issue, the wife contends that the trial court failed to correctly assess the husband's income and, therefore, incorrectly applied the child support guidelines. Testimony from the wife and the husband regarding the husband's income was in dispute, but we note that the trial court heard the evidence presented concerning the husband's income. Where conflicting testimony is presented, a presumption of correctness attends the trial court's conclusions on factual issues. Tidwell v. Tidwell, 505 So.2d 1236 (Ala.Civ.App. 1987). We cannot find that the trial court erred in its application of the child support guidelines and the award of $510 per month as child support.
In addressing the property division issue, we note that a trial court may take into consideration certain factors including "the source of their common property, the ages, sex, and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce."Lutz v. Lutz, 485 So.2d 1174, 1176 (Ala.Civ.App. 1986).
Further, the division of marital property does not have to be equal, but it must be equitable. Holmes v. Holmes,487 So.2d 950 (Ala.Civ.App. 1986). After reviewing the record we cannot find that the trial court erred in its division of the marital property. However, we do find that the trial court erred in giving the husband the option to pay the lump sum award of $25,000, representing a property settlement and alimony in gross, at the rate of $500 per month. The trial court's order provided:
 "As a property settlement and as alimony in gross, the husband shall pay to the wife $25,000 which may be paid at the rate of $500 per month until paid in full." (Emphasis added.)
This court held in Robbins v. Robbins, 537 So.2d 964
(Ala.Civ.App. 1988), that to allow the husband the option of making yearly payments on a lump sum award of alimony in gross would allow the husband to have the "use" of the wife's funds and, in view of the totality of the awards, required reversal. The case at bar is analogous to Robbins in that the husband in Robbins
was given the option to either pay in a lump sum or in yearly installments. In view of the totality of the awards in this *Page 1045 
case, that part of the trial court's order allowing the husband the option to make monthly payments of the lump sum award is hereby reversed. We wish to distinguish this court's recent case of Hendrix v. Hendrix, [Ms. 2900653, March 13, 1992], 1992 WL 45655 (Ala.Civ.App. 1992), from the case at bar. InHendrix, the trial court's order provided that:
 "[T]he husband shall pay to the wife as additional alimony in gross the sum of $130,000, payable as follows: installments of $700 per month for a period of 60 months commencing on April 1, 1991, and the balance of $88,000 in a lump sum payable on April 1, 1996."
The wife argued in Hendrix that the trial court's award of lump sum alimony to be paid in installments without interest was an abuse of discretion. After considering the totality of the awards, this court affirmed the trial court. However, inHendrix, the husband was ordered to pay alimony in gross according to provisions outlined in the court's order and did not have an option as to the method and time of payment as the husband did in the instant case. This factor distinguishesHendrix from this case and Robbins.
The wife's request for an attorney's fee on appeal is denied.
This case is affirmed in part and reversed in part and remanded for a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.