THIGPEN, Judge.
This case began in March 1992, when Frances W. Morgan filed for a divorce from James Thomas Morgan. The husband filed a motion to determine the validity of the parties’ antenuptial agreement. The parties briefed that issue, and following a hearing, the trial court entered an order in November 1992, finding that the antenuptial agreement was valid and binding. Subsequently, the wife amended her complaint to add several tort claims and sought compensatory and punitive damages. Inter alia, she specifically claimed that, without her knowledge or con *1240 sent, the husband had converted for his personal use her separate property, specifically a check for approximately $100,000.
The trial court severed the wife’s damages claims from the divorce action and transferred those claims to the civil docket for reassignment. In February 1993, while the civil damages claims were pending, the parties were divorced. In the divorce judgment, the trial court expressly noted that the damages claims had been separated from the divorce action, and that the divorce judgment was a final judgment as to all other claims. No one appealed from that judgment.
Although the wife had filed various tort claims against the husband, apparently, she pursued only her claim of conversion. Ultimately, following a trial on that claim, the trial court entered an order in July 1995 expressly finding that, under the terms of the antenuptial agreement, the check belonged to the wife as her separate property. The trial court then entered a judgment exceeding $145,000, favoring the wife, for an amount representing her check plus interest. Costs were taxed against the husband. The husband appealed to the Supreme Court, and that court transferred the appeal to this court.
The husband’s appeal raises only issues regarding: (1) whether the trial court erred in finding that the check was the wife’s separate property under the antenuptial agreement; and (2) whether the wife’s claim of conversion was barred by the statute of limitations or the doctrine of res judicata.
The record reveals that before their marriage in 1982, the parties executed an agreement which stated, in pertinent part:
“The parties hereto have agreed to be married to each other, subject to the terms hereof, and it is their intent and desire that after their marriage to each other for each of them to retain all of the property that he or she presently owns or may hereafter acquire in his or her name as his or her separate property.
[[Image here]]
“1. Any and all property, either real or personal, acquired and owned, in whole or in part, by either party hereto before their marriage and any and all property, either real or personal, acquired by either of them with his or her own funds subsequent to their marriage shall be and remain the separate property of the party owning such property, in whole or in part, and each party shall have the full right, without restriction, to sell or otherwise dispose of such property during his or her lifetime without the consent of the other party or to will, devise or bequeath his or her property to whomever he or she may desire by last will and testament without any claim or demand on the part of the other party, his or her personal representatives, executors, administrators or assigns.”
It is undisputed that when the parties married, the wife owned a house, which she sold during the marriage. The wife testified that, on October 10, 1987, she received a check for $100,000 as a final settlement for the sale of her separate property, and that she displayed the check to her husband before putting it away and researching interest rates before determining what to do with her cheek. Ultimately, she discovered that the check was missing, and that, without her knowledge or permission, the husband had deposited the cheek to their joint checking account on October 14, 1987, and on October 21, 1987, the money was transferred to the husband’s individual account. She testified that she did not give the cheek to the husband, that she did not endorse the check, and that she did not give her husband permission to endorse the check. She further testified that on numerous occasions, she requested that her husband return the money to her.
The husband testified that at the time that the wife received the check, he needed cash for futures trading, and that the wife offered him the check. In part, he asserts that the check was a gift from the wife. He testified that his bookkeeper deposited the cheek into the parties’ joint account, and that when the cheek was deposited, the proceeds were commingled with marital assets, thereby losing any status as the wife’s separate property. He also argues that the proceeds were used for the common benefit of the marriage via his trading activities, and that the proceeds were, therefore, subject to the property division in the divorce action.
*1241 Clearly, the trial court heard conflicting testimony regarding the events surrounding the origin and disposition of the check. Where conflicting testimony is presented, a presumption of correctness attends the trial court’s findings of fact. West v. West, 600 So.2d 1043 (Ala.Civ.App.1992). That presumption is based, in part, on the trial court’s ability to observe the parties firsthand and to judge their credibility. Duckett v. Duckett, 669 So.2d 195 (Ala.Civ.App.1995); see Hall v. Mazzone, 486 So.2d 408 (Ala.1986). The record is replete with evidence supporting the trial court’s finding that, based upon the terms of the antenuptial agreement, the cheek was the wife’s separate property. The husband has simply failed to demonstrate error in this regard.
The husband also argues that the wife’s conversion claim is barred by the three-year statute of limitations for recovery on an open account rather than by the six-year limitation on actions alleging conversion. He argues that approximately five years elapsed from the receipt of the cheek until the wife amended her complaint to allege conversion of the check. See Ala. Code 1975, §§ 6-2-34 and -37. His argument that this is a claim on an open account fails, in part, because of his failure to demonstrate that a contract existed between the parties, and that some term of the contract was left open and undetermined by the parties. See Car Center, Inc. v. Home Indemnity Co., 519 So.2d 1319 (Ala.1988). It is undisputed that there was no loan or understanding between the parties regarding any open account allegedly created by this check, and there is simply not sufficient evidence that a contract, express or implied, existed. The trial court specifically found that this was not a claim on an open account, and ample record evidence supports that finding.
The husband also argues that the wife’s claim is barred by the doctrine of res judicata because of the prior adjudication in the divorce action. The record reveals that the wife had amended her divorce complaint to reflect the facts supporting her claim of conversion after the trial court had, pursuant to the husband’s request, determined that the antenuptial agreement was valid and binding on the parties. Additionally, she requested a trial by jury as to the damages claims and issues. Rule 42(b), AR.Civ.P.
A divorce action does not preclude a separate action against a spouse for damages. See Coleman v. Coleman, 566 So.2d 482 (Ala.1990); see also Ex parte Harrington, 450 So.2d 99 (Ala.1984). In the instant case, the wife expressly reserved her tort claims in the divorce action and demanded a jury trial. Those claims were severed from the divorce action by the trial court, and the divorce court made no determination on the merits of the wife’s damages claims. The issues and supporting evidence in the wife’s two separate causes of action were substantially different. See Benetton S.p.A. v. Benedot, Inc., 642 So.2d 394 (Ala.1994). The husband has failed to demonstrate that the wife’s action is barred.by the doctrine of res judicata.
Based on the foregoing, we find no error in the trial court’s determinations that the wife’s complaint was timely, that it was not barred by the doctrine of res judicata, and that the check was her separate property. Furthermore, we find no error in the trial court’s judgment favoring the wife.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
MONROE, J., concurs.
ROBERTSON, P.J., concurs in the result.