Robert Edward Littleton and Mary Elaine Littleton were divorced in March 1996. The trial court's divorce judgment incorporated an agreement between the parties, in which the parties agreed that the wife would have custody of their three children. The trial court also ordered the husband to pay child support, to make the mortgage payments on the marital home until it was sold, and to pay the wife $93,000. The proceeds from the sale of the marital residence were to provide the majority of the funding for the award of $93,000 to the wife.
Within a year of the divorce judgment, the wife filed three petitions seeking to have the husband held in contempt. In those petitions, she alleged that the husband had failed to make the mortgage payments and had allowed the insurance on the home to lapse. The trial court conducted a hearing and heard ore tenus evidence.
At that hearing, the husband testified that he had sold all of his assets in order to pay business debts. He had made no attempt to pay any amount toward the *Page 1085 
$93,000 obligation to the wife. He had failed to make the mortgage payments, and, as a result, the mortgage on the home was subject to foreclosure. In order to avoid foreclosure, the wife's uncle paid the outstanding indebtedness; the uncle now owns the home. At the close of the testimony, the trial court found that the husband had deliberately attempted to avoid paying the obligation to the wife and found the husband to be in contempt. The trial court ordered the husband incarcerated until he paid the $93,000 he owed to the wife.
The husband was released from jail when he paid $33,000 to the wife. At some point thereafter, the husband assigned to the wife a vendor's lien for a $60,000 debt. The note carried a 5% interest rate and provided that the debtor would make payments on the debt and would make a balloon payment at the end of four years.
In June 1998, the trial court conducted a second hearing on the issue of the amount of that portion of the $93,000 the husband had still failed to pay to the wife. At that hearing, the husband presented the testimony of an accountant, who testified that the value of the note on that date was $49,209.19. On the date of the hearing, the husband paid into the court the sum of $10,801. The wife testified that she had sold the vendor's lien for $34,500. The wife sought a balance of $14,699, calculated as $93,000 less the $33,000 payment, less the $10,801 payment, and less the $34,500 she had received upon selling the vendor's lien. The husband claimed that he had met the entire obligation by paying $33,000 and $10,801 and providing the wife with a vendor's lien worth $49,209.19, for a total of $93,010.19.
The trial court entered a judgment that, among other things, found that the husband had paid the principal amount in full. The trial court also found that the wife had knowingly sold the vendor's lien for "considerably less than its paid-off value" and that "she cannot now be heard to complain." The wife appealed.
Where a trial court receives conflicting ore tenus evidence, its judgment based on that evidence is presumed correct, and this court will not reverse such a judgment absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The presumption of correctness is based in part on the trial court's unique ability to observe the parties and the witnesses and to evaluate their credibility and demeanor. Hall v. Mazzone, 486 So.2d 408
(Ala. 1986).
When the divorce judgment does not specifically state the nature of the award, the source of the payment and its purpose are important factors in determining the nature of the award. Cheek v. Cheek,500 So.2d 17 (Ala.Civ.App. 1986). In order for an award to be characterized as alimony in gross, the time of the payment and the amount of the payment must be certain and the right to the payment must not be subject to modification. Bonham v. Bonham, 623 So.2d 337
(Ala.Civ.App. 1993). We find that the award of $93,000, "upon the sale of the marital home," was a property division or an award of alimony in gross.
The wife argues that the trial court erred in assessing a value for the lien in excess of the $34,500 for which she sold the lien. However, in her brief on appeal, the wife concedes that if credible evidence supported the trial court's finding that the lien was worth approximately $49,000, then "there would be sufficient factual basis for the . . . ruling that [the] transfer of the lien satisfied the payment obligation." The husband presented the testimony of Paul Calevey, a certified public accountant, who testified that the value of the lien was approximately $49,209. The wife, on cross-examination, asked Calevey if his calculation of the value of the vendor's lien reflected the amount for which a willing buyer, with a willing seller, would purchase the lien on the secondary market; Calevey answered "no." Calevey testified *Page 1086 
that "I do not know if there is a calculation to do that." The wife presented no evidence regarding the valuation of the vendor's lien. Given the evidence presented in this case, we find that the evidence supporting the valuation of the vendor's lien, and thus the trial court's judgment, was credible. We cannot say the trial court abused its `discretion in its valuation of the vendor's lien.
The wife also argues that the trial court erred in failing to assess interest on the amounts of the alimony award not paid by the husband after December 10, 1996 — the date on which the marital home was sold. We agree. The trial court found that the husband had deliberately refused to pay the $93,000 awarded to the wife under the terms of the divorce judgment. To allow the husband to avoid paying interest on the alimony-in-gross award would be equivalent to allowing him to enjoy the use of the wife's funds.See West v. West, 600 So.2d 1043 (Ala.Civ.App. 1992);Robbins v. Robbins, 537 So.2d 964 (Ala.Civ.App. 1988). The trial court erred in refusing to assess interest against the husband.
The judgment is affirmed except to the extent it denied the wife an award of interest. Insofar as it denied the award of interest, the judgment is reversed, and the case is remanded for the trial court to calculate the amount of interest due to the wife and to award that amount.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.