[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 354 
In February 2001, Tony Walls ("the husband") sued Anita Walls ("the wife") for divorce, alleging incompatibility of temperament and irretrievable breakdown of the marriage. In April 2001, the wife filed an answer and counterclaimed for a divorce; she requested that she be awarded custody of the parties' minor child; that the husband be required to pay both periodic alimony and alimony in gross; that the parties' property be equitably divided; and that the husband be required to pay her reasonable attorney fees. The wife requested an immediate hearing on the issues of support, custody, and visitation.
On May 1, 2001, the court entered a pendente lite order awarding the wife exclusive use of the parties' marital home until the final hearing and awarding custody of the parties' minor child to the wife, subject to the husband's visitation. The husband was ordered to pay $540.82 in monthly child support and to pay the $628 monthly payment on the indebtedness on the marital home and $50 per month for house insurance. He was also ordered to pay $48 per month for life insurance, $800 for household expenses, and the May and June 2001 payment on the wife's automobile. The court suggested that the wife select a vehicle "more suitable to the financial constraints under which the parties now operate," and it ordered the wife to seek employment. In the May 1, 2001, pendente lite order, the husband was awarded exclusive possession of a truck and of the automotive accessory and service business he operated.
The trial court conducted an ore tenus hearing. On February 22, 2002, the trial court entered a judgment divorcing the parties and dividing the parties' real and personal property. The trial court awarded primary physical custody of the parties' minor child to the wife and awarded visitation and the right to claim the income-tax dependency exemption for the minor child to the husband. The husband was ordered to pay $349.09 per month in child support, to maintain a life-insurance policy for the benefit of the child, and to provide health-insurance coverage for the child. The trial court ordered that the parties' home, commercial real estate, and business assets be divided between the parties; the trial court ordered that if the parties were unable to divide the property between themselves in 30 days, the property was to be listed for sale and each party would be entitled to 50% of any proceeds remaining after all secured and unsecured creditors were paid. The wife was allowed to continue living in the marital home until it was sold. The divorce judgment also provided that beginning in March 2002, the husband's monthly support payment to the *Page 355 
wife of $800 would be reduced by $100 each successive month until that obligation no longer existed. The trial court also ordered each party to be responsible for his or her attorney fee and the indebtedness on his or her automobile.
On February 27, 2002, the wife filed a motion for immediate relief, requesting the appointment of a receiver and a restraining order. The wife alleged that the husband had continually harassed her following the entry of the divorce judgment and that she was concerned he would dispose of business assets and conceal the profits he had derived from the sale of those assets. On March 5, 2002, the husband moved to alter, amend, or vacate the judgment or for a new trial. In that motion, the husband contended that the trial court had abused its discretion by ordering that all the assets be sold. The husband alleged that if he sold the business he would have no means by which to support himself or the parties' child. On April 18, 2002, the wife responded to the husband's motion to alter, amend, or vacate the judgment and, in that same filing, also sought to alter, amend, or vacate the divorce judgment.
On April 18, 2002, the trial court entered an amended divorce judgment. The court amended the property division provision by awarding the wife the marital home and ordering the husband to pay the mortgage indebtedness. The husband was awarded the parties' commercial real estate. The husband was also ordered to pay the wife $52,500 as an additional property settlement. The trial court did not modify that part of its divorce judgment requiring the husband to pay the wife a support obligation that started at $800 in March 2002 and reduced by $100 per month thereafter.
On May 17, 2002, the husband filed a motion to alter or amend the amended final judgment, contending that he could not afford to pay any of the moneys he was ordered to pay pursuant to the amended judgment. The husband filed a notice of appeal on May 29, 2002; at that time, the trial court had not yet ruled on his postjudgment motion. According to Rule 4(a)(5), Ala.R.App.P., a notice of appeal filed while a postjudgment motion is pending is deemed to be held in abeyance until either the trial court rules on the postjudgment motion or that motion is deemed denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P. Therefore, the husband's appeal was timely. The wife cross-appealed.
The record indicates that the parties were married in 1990 and that they lived together as husband and wife until the husband vacated the marital residence in February 2001. One child was born of the parties' marriage. The husband owns and operates a business known as "Walls Accessories," which sells radios, tires, wheels, hubcaps, and other vehicle accessories. He started this business in 1983 and incorporated the business in 1996. The husband testified that the business thrived until 1997 when the radio sales ended and the hubcap business changed. The husband testified that if business continued to decline, he would soon have to close his shop. The husband testified that he was issued a weekly check from the business in the amount of $400.
The husband admitted to having a problem with illegal drugs, specifically cocaine, beginning in 1989. He also admitted to spending money belonging to the business, at times approximately $1,000 a week, on drugs. He had attended several rehabilitation facilities and stated that he last used illegal drugs in January 2001. At the time of the hearing, the husband stated that he had not used illegal drugs for a year and a month. The husband estimated the marital home was worth approximately $75,000, *Page 356 
and he valued the business at between $160,000 and $200,000.
The husband testified that the wife worked at a body shop when they married, but that she wanted to quit work and remain at home. The husband also stated, however, that during their marriage the wife had been trained in cosmetology and that she had worked in her own beauty shop for over a year. The husband stated that his wife closed the shop because she "got lazy."
A personal financial statement dated July 2001 showed the husband with a net worth of $400,000; however, the husband alleged this figure was inaccurate and that he was not aware of how that figure was obtained. The husband testified that the business lost $76,000 in 2001.
The husband testified that he was financially unable to make the court-ordered payments that totaled approximately $2,000 a month. A bookkeeper at Walls Accessories testified that the husband was not financially able to make the court-ordered payments and that making those payments would put him out of business. The bookkeeper testified that she had formulated a balance sheet for Walls Accessories in December 2001 that reflected the business's equity at negative $41,210.19, and reflected a business loss in that year in excess of $76,000.
However, several bank employees verified financial statements that the husband had submitted to the banks in conjunction with applications for loans. A statement dated July 2001, showed a net worth in excess of $400,000. Another personal financial statement, dated September 2000, reflected the husband's total assets at $811,000. The husband testified that the wife had submitted those valuations to the bank.
The wife testified that during the parties' marriage, all of the parties' living expenses were met through income from the business. She stated that she and her husband had used cash from the business for personal expenses. She further testified that the business had never reported its cash sales on its tax returns. The wife estimated that the cash sales could have totaled as much as $100,000 a year.
She alleged that the husband had spent $2,000 a week on drugs. The wife testified that the husband's drug abuse put "a strain on everything."
The wife alleged that the husband admitted to adulterous affairs with five different women during the parties' marriage. The wife further maintained that the husband had physically abused her on five different occasions. The husband denied both those allegations. The husband further stated that his wife caused the marriage to "bl[o]w up" and claimed that she was the reason he was a drug addict.
On appeal, the husband contends that the trial court's property division is inequitable and that it will financially "cripple" him. The wife argues in her cross-appeal that the trial court erred in failing to award her periodic alimony. The issues pertaining to an award of alimony and a property division are interrelated, and courts must consider them together. Albertson v. Albertson, 678 So.2d 118 (Ala.Civ.App. 1996). Therefore, we address these two arguments together.
In reviewing the judgment of a trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court's judgment based on those findings is presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v.Hartzell, *Page 357 623 So.2d 323 (Ala.Civ.App. 1993). This presumption of correctness is based on the trial court's being in the unique position of being able to observe the witnesses and to assess their demeanor and credibility. Hallv. Mazzone, 486 So.2d 408 (Ala. 1986). Matters of alimony and property division rest soundly within the trial court's discretion. Albertson v.Albertson, supra; Welch v. Welch, 636 So.2d 464 (Ala.Civ.App. 1994). Factors the trial court should consider in its award of alimony and its division of property include the earning ability of the parties; their ages and health; their station in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the marriage. Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App. 2001). Furthermore, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Goldenv. Golden, 681 So.2d 605 (Ala.Civ.App. 1996).
Pursuant to the amended divorce judgment, the husband was awarded the business. The trial court also awarded the husband the parties' time-share in Gatlinburg, Tennessee, together with the indebtedness thereon; the value of that time-share interest is not contained in the record on appeal. The trial court also ordered that a truck in the possession of the wife be returned to the husband's business.
Under the amended divorce judgment, the wife was awarded the marital home, valued at approximately $75,000, and the husband was ordered to make the monthly payments on the mortgage indebtedness on that home. The trial court also awarded the wife a property settlement of $52,500, which is apparently representative of her interest in the business.
The trial court ordered that beginning in March 2002, the husband was to pay the wife $800 per month, and that in each successive month, that payment was to be reduced by $100 per month. The amended judgment does not state the nature of this award. In such a case, the source of the award, as well as its purpose, are factors to consider in determining the nature of the award. Littleton v. Littleton, 741 So.2d 1083 (Ala.Civ.App. 1999). "In order for an award to be characterized as alimony in gross, the time of the payment and the amount of the payment must be certain and the right to the payment must not be subject to modification." Littletonv. Littleton, 741 So.2d at 1085. Alimony in gross is in the nature of a property settlement. Laminack v. Laminack, 675 So.2d 479 (Ala.Civ.App. 1996).
In this case, the award at issue provides for payments totaling $3,600. That award is contained in the "property division" portion of the divorce judgment, between the provision requiring the wife to return the truck to the husband's business and the provision awarding the wife $52,500. In the paragraph immediately following the provision at issue, the trial court characterized the $52,500 payment as a "further property settlement." Given the foregoing, we must conclude that the provision for the monthly payments is in the nature of a property settlement or alimony in gross. See Littleton v. Littleton, supra.
Thus, the husband was awarded his personal property, the couple's time-share interest, and the business, which he valued at between $160,000 and $200,000. The wife was awarded the marital home, with the husband paying the monthly mortgage payments; $3,600 as alimony in gross or a property settlement; and $52,500 as a further property settlement. *Page 358 
Thus, the wife received a total award of approximately $131,000 in assets.
There was a large disparity in the parties' assessment of the business's assets; therefore, the parties disputed the husband's net worth. The record also contains evidence indicating that some of the business's financial dealings were in cash and were not reported on the parties' or the business's tax returns. The trial court had the unique opportunity to observe and to hear the parties and the witnesses firsthand. See Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). The trial court considered the parties' ages, health, and probable future prospects; the parties' conduct with regard to the breakdown in the marriage; and the source of the parties' property. See Robinson v. Robinson, supra. Given those factors, we cannot say that the husband has demonstrated that the trial court erred in fashioning its property division and alimony award.
In her argument that the trial court erred in failing to award her periodic alimony, the wife cites Laws v. Laws, 653 So.2d 293
(Ala.Civ.App. 1994), for the proposition that "[t]he purpose of [periodic] alimony is to preserve, if possible, the status quo of the parties." 653 So.2d at 295 (emphasis added). Stated another way, the purpose of alimony is to "support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage." O'Neal v. O'Neal, 678 So.2d 161, 165 (Ala.Civ.App. 1996). The wife maintains that because the husband was the sole income earner during the parties' marriage, he is required to continue providing her support in order that she may maintain the status the parties enjoyed during their marriage.
In this case, the parties did not present clear evidence regarding the amount of income produced by the husband's business. The record does not demonstrate that the husband is capable of paying the wife periodic alimony in addition to the other amounts ordered under the amended divorce judgment. Thus, the evidence would support a conclusion that it is not possible for the parties to enjoy, after their divorce, the same economic status they shared during their marriage.
The trial court found that the wife was capable of maintaining employment, and in its pendente lite order, it ordered her to seek employment. The evidence pertaining to the wife's employment history supports that conclusion. Further, the wife was awarded the marital home, free of the monthly mortgage payments, as well as a substantial property settlement. The issues of alimony and property division must be considered together. Albertson v. Albertson, supra. Given the trial court's property division and the evidence in the record, we cannot say that the wife has demonstrated that the trial court erred in failing to award her periodic alimony.
We conclude, however, that the trial court should have at least reserved the issue of alimony. The failure to award alimony or reserve the issue of alimony in a divorce judgment precludes a trial court from later awarding alimony. Chambliss v. Chambliss, 587 So.2d 406
(Ala.Civ.App. 1991). Given the length of the parties' marriage, the wife's current unemployment, and the disparity in the parties' current earning potential, the trial court should have "reserve[d] the right to award periodic alimony at a later date," should the circumstances justify such an award. See Paulson v. Paulson, 682 So.2d 1060, 1064
(Ala.Civ.App. 1996) (holding that the trial court erred in failing to at least *Page 359 
reserve the issue of alimony). Therefore, we reverse the trial court's judgment insofar as it failed to reserve the issue of alimony and remand the case for the trial court to modify its judgment so as to reserve the issue of alimony.
In her cross-appeal, the wife also argues that the trial court erred in failing to award her an attorney fee. It is well settled that the award of an attorney fee in a divorce action is a matter within the sound discretion of the trial court. Slater v. Slater, 587 So.2d 376
(Ala.Civ.App. 1991); Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App. 1986). In determining whether to award an attorney fee, the trial court should consider the conduct of the parties, the financial circumstances of the parties, and the outcome of the litigation. Id. After considering the assets awarded the parties and their conduct, we cannot say that the trial court abused its discretion in failing to award the wife an attorney fee.
Last, the wife contends that the trial court erred in awarding the husband the right to claim the income-tax-dependency exemption for the parties' minor child without stating its reasons for deviating from Rule 32, Ala.R.Jud.Admin. This court has held that an award of the income-tax-dependency exemption is a matter within the trial court's discretion. Flanagan v. Flanagan, 656 So.2d 1228 (Ala.Civ.App. 1995). However, the Comment to the child-support guidelines at Rule 32, Ala.R.Jud.Admin., states that it is assumed that the custodial parent will take the income-tax exemption for the child in his or her custody. Therefore, we also reverse as to this issue and remand for the trial court to either award the exemption to the wife or state its reasons for awarding it to the husband. See K.H.L. v. K.G.M., 782 So.2d 804
(Ala.Civ.App. 2000) (if the trial court elects to deviate from the Rule 32 guidelines by awarding the tax exemption to the noncustodial parent, it must comply with Rule 32(A)(ii), by stating its reasons for doing so).
We reverse the judgment of the trial court insofar as it failed to reserve the issue of alimony and insofar as it awarded the income-tax-dependency exemption to the husband; in all other respects, we affirm the judgment. We remand the case for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.