BRYAN, Judge,
concurring in part and dissenting in part.
I concur with the main opinion insofar as it reverses the trial court’s judgment on the issue of visitation and remands the case for the trial court to incorporate the parties’ visitation agreement into its judgment. However, I dissent from the main opinion insofar as it affirms the trial court’s judgment on the issue of child support.
In explaining its rationale for affirming the trial court’s judgment on the issue of child support, the main opinion states:
“Although the circuit court was presented with limited evidence in this case, we have often recognized that it is the role of the trial court to observe witnesses and to assess their credibility. Smith v. Smith, 887 So.2d 257, 262 (Ala.Civ.App. 2003); and Littleton v. Littleton, 741 So.2d 1083, 1085 (Ala.Civ.App.1999). Moreover, we are not permitted to reweigh the evidence and substitute our judgment for that of the trial court. See Somers v. McCoy, 777 So.2d 141, 142 (Ala.Civ.App.2000).”
915 So.2d at 575 (emphasis added). The trial court was not presented with “limited” evidence from which the trial court could have found that the father had the potential to earn $500 per week — it was presented with no evidence supporting such a finding. “The ore tenus rule applies only to the trial judge’s factual findings on disputed evidence.'” McCluney v. Zap Prof'l Photography, 663 So.2d 922, 924 (Ala.1995) (emphasis added). In the absence of any evidence supporting the trial court’s implicit finding that the father has the potential to earn $500 per week, *577 the ore tenus rule does not apply to that implicit finding. I would reverse the trial court’s judgment on the issue of child support because it is plainly and palpably wrong. Therefore, I must dissent insofar as the main opinion affirms the trial court’s judgment on that issue.