After an ore tenus hearing, the trial court divorced the parties and ordered the husband to pay the wife $2,500 as alimony in gross and as a property settlement. The court also awarded the wife other personal property and an attorney's fee in the amount of $500.
The husband appeals, contending that the trial court abused its discretion in the awards to the wife.
It is well established that the award of alimony and the division of property are within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Lucero v.Lucero, 485 So. 347 (Ala.Civ.App. 1986).
Moreover, when the trial court hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by competent evidence unless the trial court's decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131
(Ala.Civ.App. 1986).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the pertinent facts. This is so because of the vast number of cases on the same legal subject.
We would note, however, that there was testimony that the husband had taken $2,500 from the wife's purse and then hit the wife in the face. There was also testimony that he took a sewing machine from the wife's home which was given to the wife prior to her living with the husband. Suffice it to say that we have reviewed the record and, in view of the attendant presumptions, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985).
The wife's request for attorney's fees for representation on appeal is granted in the amount of $400.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 69