INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties and effectuated a property settlement. The husband appeals, contending that the trial court’s division of property was inequitable and is due to be reversed. The husband also contends that the trial court erred in reserving the issue of alimony and in awarding $1,250 in attorney’s fees to the wife.
It is well established that the issues of which the husband complains are all within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Moreover, when the trial court hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is supported by competent evidence, unless the trial court’s decision was palpably wrong. Click v. Click, 521 So.2d 67 (Ala.Civ.App.1988).
This court pretermits a detailed summary of the evidence. Little or nothing would be contributed to the law by stating the'pertinent facts. This is so because of the vast number of cases on the same legal subject. We would note, however, that the parties have been married for approximately twenty-two years. Except for sporadic employment, the wife has never worked outside the home prior to the separation of the parties. Rather, she devoted her time and energy to making a home, for her husband and their children.
Further, the husband has worked for a railroad company for seventeen years and earns in excess of $40,000 annually. In comparison, the wife only recently obtained full-time employment and earns only $15,-000 annually. Suffice it to say that we have reviewed the record and, in view of the attendant presumption, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Click, supra.
The wife’s request for an attorney’s fee for representation on appeal is granted in the amount of $800.00.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.