ROBERTSON, Presiding Judge
This is a divorce case.
The parties were divorced in June 1990, based on the irretrievable breakdown of the marriage. Custody of the parties’ two minor children was awarded to the wife, with reasonable visitation to the husband. The husband was ordered to pay to the wife $722.40 per month as child support and $350 per month as periodic alimony. Further, the trial court divided the marital property. Each party was responsible for his or her attorney fees. The wife appeals.
The wife contends that the trial court abused its discretion in the amount of periodic alimony awarded, the division of the marital property, and the failure to award her attorney fees.
The law in this area is well settled. The award of alimony, the division of property, and the award of attorney fees are within the sound discretion of the trial court, and *1363 they will not be disturbed on appeal except where such discretion was plainly and palpably abused. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Moreover, when the trial court hears the evidence, as in the instant case, the judgment appealed from is presumed to be correct on appeal. This court cannot alter the judgment if it is supported by competent evidence, unless the trial court’s decision is plainly and palpably wrong or unjust. Click v. Click, 521 So.2d 67 (Ala.Civ.App.1988).
This court pretermits a detailed summary of the evidence. Reciting all the facts would add little or nothing to the law represented by the vast number of cases on the same legal subjects. We do note that there was evidence supporting the wife’s allegation of abuse by the husband. However, the extent and nature of the abuse, as well as the causes, were disputed. We also point out that the wife was awarded the marital home, with a value of at least $135,000. Further, the husband was responsible for the mortgage.
As concerns the alimony award, we point out that the wife has a college degree and is not precluded from obtaining employment. In fact, she has taught chemistry, physics, and advanced science. Furthermore, if the need arises, the wife may always petition the trial court for a modification in the future. As for the property division, although we may have divided the assets differently, there is no requirement for the division to be equal, only equitable. Suffice it to say that after a review of the record, and in view of our standard of review, we cannot say that the trial court’s order was plainly and palpably wrong.
Both parties’ requests for attorney fees for representation on appeal are denied.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.