ROBERTSON, Presiding Judge.
After approximately 13 years of marriage, the parties were divorced due to incompatibility of temperament. The wife was awarded custody of the minor child, with reasonable visitation to the husband. The husband was ordered to pay $440 per month as child support and to continue to provide health insurance for the child. Further, the husband was ordered to continue the wife’s hospitalization insurance for 12 months.
The wife was awarded $40,000 alimony in gross, the 1979 Cadillac automobile, personal property requested by her, and attorney fees in the amount of $3,000. The husband was awarded the home place, along with the surrounding acreage. Further, the husband was awarded several other properties, including a rental house, the assets of a business, and a 37-foot fiberglass pleasure yacht.
The wife appeals, contending that the trial court erred in not awarding her periodic alimony and in the division of property.
*1362 The law in this area is well settled. The award of alimony, as well as the division of property, is within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Click v. Click, 521 So.2d 67 (Ala.Civ.App. 1988).
Moreover, when the trial court hears the evidence, as in the instant case, the judgment appealed from is presumed to be correct on appeal. This court cannot alter the judgment if it is supported by competent evidence unless the trial court’s decision is plainly and palpably wrong or unjust. Click.
This court pretermits a detailed summary of the evidence. Reciting all the facts would add little or nothing to the law represented by the vast number of cases on the same legal subjects. However, we do note that this was a second marriage for both parties and that some of the properties awarded the husband were acquired prior to the marriage. Further, the husband has a tenth-grade education, while the wife completed high school plus two years of college. The wife also has had a real estate license since 1981. We further point out that the wife has breast cancer and will be under the care of an oncologist indefinitely. However, at the time of the divorce, the wife was employed on a full-time basis, and in 1989 she earned $29,000.
We do note that in view of the wife's illness, we may have reserved the right to award periodic alimony in the future if the need should arise. However, we may not substitute our judgment for that of the trial court’s. Click. Suffice it to say that we have reviewed the record and cannot say that the trial court abused its discretion.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.