THIGPEN, Judge.
This is a divorce case.
Donna Rita Elliott (wife) filed for divorce from bed and board from John Welford Elliott (husband). In his answer, the husband counterclaimed for an absolute divorce. After an ore tenus proceeding, the trial court divorced the parties on the ground of incompatibility and ordered a property division and alimony award. The wife’s post-trial motion was denied and she appeals.
The issue the wife raises on appeal is whether the trial court abused its discretion by not requiring the husband to provide health insurance (or adequate alimony to cover medical expenses) for the wife.
The wife contends that the husband should have been required by the trial court to provide for her medical needs upon the expiration of the current health insurance, or alternatively, that alimony payments should be increased commensurate with her medical needs. She argues that she is unable to work and has required monthly medical expenses due to her condition. She contends that if the husband is not required to provide coverage for these medical needs, that she will not be able to obtain the medical assistance she requires.
At the outset, we begin by noting that when a trial court’s judgment follows the presentation of evidence ore tenus, a presumption of correctness automatically attaches. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). That judgment will be affirmed when it is supported by competent evidence, unless shown to be palpably wrong. Blankenship, supra. Additionally, the issues concerning alimony and a property division pursuant to divorce rest soundly within the discretion of the trial court and will not be disturbed on appeal unless that discretion was palpably abused. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Further, those issues are interrelated and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Montgomery, supra.
Our review of the record reveals certain facts pertinent to this appeal. The parties were married in 1973, separated in early 1989 when the husband moved out, and the wife initiated these proceedings. The wife was healthy and worked early in the marriage. However, she began encountering health problems shortly after the marriage and has not worked in many years. There are no children considered in this case.
The husband has worked throughout the marriage and the parties accumulated marital assets which were divided by the trial court during the divorce action. The wife was awarded the marital home and most of its contents including appliances, and the five acres of property, all of which are unencumbered. She was also awarded a vehicle with the husband being ordered to pay the remaining indebtedness on the vehicle. The husband was ordered to make the wife the irrevocable beneficiary on a life insurance policy he carries at his place of employment. The wife was awarded $125.00 per week alimony as long as the husband maintains a specific hospital and medical insurance benefit for the wife, but should that insurance cease, the alimony payments increase to $150.00 per week. The husband was also ordered to pay the wife’s attorney’s fees and taxed with the costs.
It is clear that the trial court considered many factors in fashioning its awards to the wife. The final divorce decree has specific provisions requiring the husband to *1385 provide medical insurance benefits for the wife. Additionally, the decree provides what happens should that coverage cease. The alimony is increased to provide more support for the wife. The record contains extensive testimony regarding the wife’s physical condition. Any difficulty imposed by the wife’s physical condition was clearly considered by the trial court and provided for in its decree by the increase in alimony. We are not permitted to substitute our judgment for that of the trial court. Beck-with v. Beckwith, 475 So.2d 575 (Ala.Civ. App.1985). Our careful and thorough review of this entire record with the attendant legal presumptions, reveals sufficient evidence supporting the trial court’s judgment. We are not persuaded that the trial court abused its discretion in making its awards. Accordingly, the judgment is due to be affirmed.
The wife’s request for an attorney’s fee in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.