ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties due to incompatibility of temperament. The trial court awarded the wife, among other things, $400 per month for a period of 48 months, possession of the marital residence' until her remarriage or cohabitation with a member of the opposite sex, and certain personal property. Further, the husband was ordered to maintain the wife as the beneficiary of his life insurance for no less than four years, to keep medical insurance on the wife as long as his present insurance benefits are available, and pay $500 toward the wife’s attorney’s fees.
The wife appeals, contending that the alimony and property settlement provisions of the divorce decree were arbitrary, capricious, unjust, and a clear abuse of the trial court’s discretion.
The law in this area is well settled. The award of alimony, as well as the division of property, is within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Click v. Click, 521 So.2d 67 (Ala.Civ.App.1988).
Moreover, when the trial court hears the evidence, as in the instant case, the judgment appealed from is presumed to be correct on appeal, and this court cannot alter the judgment if it is supported by competent evidence unless the trial court’s *1128 decision is plainly and palpably wrong or unjust. Click.
This court pretermits a detailed summary of the evidence. Reciting all the facts would add little or nothing to the law represented by the vast number of cases on the same legal subjects. However, we do note that the trial court’s awards to the wife, although not verbatim, substantially comply with what the wife requested that she be granted. Furthermore, we note that the wife was only 40 years old at the time of the divorce and had a high school education as well as post-secondary secretarial school training. In fact, she had worked as a secretary for 12 years.
While we note that the record reveals that the wife was not in excellent health, there was medical testimony that her problems were due to prescription drug dependency and were psychological in nature. We also note that the wife is receiving Social Security benefits.
In any event, we have reviewed the record and cannot say that the trial court abused its discretion. Therefore, this ease is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.