ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties due to incompatibility of temperament. The trial court awarded the wife, among other things, $1500 per month alimony, $25,000 per year for six years, and the marital residence. The husband timely appeals from this judgment of divorce.
*474 Following the first appeal, both parties filed motions seeking certain relief. As to the husband’s motion, the trial court entered an order on February 13, 1991, denying his relief. The husband filed a second appeal from this order, and upon the husband’s request, this court has consolidated the two appeals.
The only issue raised by the husband on the consolidated appeals is “[d]id the trial court abuse its discretion in the property settlement and awarding of alimony?”
The law in this area is well settled. The award of alimony, as well as the division of property, is within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Click v. Click, 521 So.2d 67 (Ala.Civ.App. 1988).
Moreover, when the trial court hears the evidence, as in the instant case, the judgment appealed from is presumed to be correct on appeal. This court cannot alter the judgment if it is supported by competent evidence unless the trial court’s decision is plainly and palpably wrong or unjust. Click.
This court pretermits a detailed summary of the evidence. Reciting all the facts would add little or nothing to the law represented by the vast number of cases on the same legal subjects. However, we do note that the parties were married for approximately twenty-six years. The wife was employed at the beginning of the marriage, but stopped working outside of the home after the birth of their first child in 1969. From that point on, until shortly before the parties divorced, the wife stayed home to take care of the parties' children. The wife does not have a college education. On the other hand, the husband has a college degree and is employed by Davis-Harp Oil Co., Inc., of which he presently owns a 46 percent interest.
We further note that there was evidence that the husband could be deemed at fault for the breakdown of the marriage.
In any event, we have reviewed the record and cannot say that the trial court abused its discretion in the property settlement and the award of alimony to the wife. Therefore, this case is due to be affirmed.
The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.