ROBERTSON, Presiding Judge.
The sole issue in this appeal is whether the trial court erred in creating a trust as part of the property division in a divorce action.
Lois T. Brothers (wife) and James Rayford Brothers (husband) were married in 1954. After 37 years of marriage, the wife filed for a divorce in 1991. The parties had one son, who is now an adult, and had accumulated substantial assets during the marriage.
Following an ore tenus proceeding, the trial court entered a judgment of divorce, which provided that certain properties were to be sold and the net proceeds, together with the husband’s certificates of deposit, were to be divided into equal accounts, account “A” and account “B.”
The trial court ordered as to the husband’s one-half of the money that:
“Account ‘A’ shall be invested by the clerk of this court in a certificate of deposit or some similar long term interest bearing investment ... and the interest therefrom, less all fees and commissions due, shall be paid over in such installments as may be convenient, but at least twice per year, to the [husband] for his lifetime and upon his death to the [wife] for her lifetime. The remainder of said account, following the death of both parties, shall be paid over or delivered to the persons, firms, or corporations entitled thereto as [husband’s] heirs at law or as he may in his last "will and testament direct.”
The trial court further ordered as to the wife’s one-half of the money that:
“Account ‘B’ shall be invested by the clerk in a certificate of deposit or some similar long term interest bearing investment.... The interest received therefrom ... shall be paid over in such installments as may be convenient, but at least twice per year, to the [wife] for her lifetime and following her death to the [husband] for his lifetime. The remainder of Account ‘B’, following the death of both parties, shall be paid over or delivered to the persons, firms, or corporations entitled thereto as [wife’s] *310 heirs or as she may in her last will and testament direct.”
Both parties filed postjudgment motions, which were denied.
The husband contends that the trial court has abused its discretion and exceeded its authority in creating a “trust” to effect a property settlement and division.
The division of property in a divorce case is a matter within the sound discretion of the trial court and will not be disturbed on appeal except where such discretion was plainly and palpably abused. Davis v. Davis, 588 So.2d 473 (Ala.Civ.App.1991). However, neither party in this case questions the division of the property, but they both question the trial court’s judgment depriving them of access to the property.
The wife states in her brief that “the imposition of a trust on the assets of the parties, without permitting invasion of the corpus, prevents the parties from providing for emergencies and forces them to adopt a standard of living that is subject to the vagaries of the financial markets and interest rates.”
The husband argues that
“[t]o encumber the liquid assets of the parties by placing them in the control of the Clerk of the Circuit Court of Marshall County and to force the parties to have access only to the interest income therefrom, without benefit of access to the corpus, clearly is an abuse of the trial court’s discretion and is plainly and palpably wrong”
and “is tantamount to a punishment.”
We are aware that the trial court may use any reasonable means in effecting just property settlements and equities between the parties. Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App.1982). Here, we find that the trial court did not use a reasonable means in creating a trust whereby the parties were deprived of access to the property awarded. The record evidence in this case indicates that the liquid assets should be disbursed to the parties.
Therefore, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES, J., concurs.
THIGPEN, J., concurs specially.