ROBERTSON, Presiding Judge.
Hugh M. Brinkley, Jr., and Elizabeth M. Brinkley were divorced in April 1981. The judgment of divorce ratified and affirmed an agreement by the parties that provided, inter aha, that the wife have custody of the parties’ two minor children; that the husband pay child support in the amount of $1,100 per month; that the husband pay alimony in the amount of $2,400 per month; that the husband convey his interest in the homeplace to the wife; that the husband pay for certain repairs to the homeplace and the appliances therein; that the husband pay for the minor children’s educations; that the husband maintain major medical and dental insurance on the wife and the minor children; that the husband pay all medical and dental expenses of the minor children not covered by insurance; and that the husband pay the round-trip airfare for the wife from Mobile to Palm Beach, Florida, twice a year.
The record indicates that the judgment of divorce was modified several 'times between 1987 and 1993, mainly in regard to child support, visitation, and child custody; however, the testimony of the parties indicates that in 1987 the wife’s. alimony award was increased to $2,500 per month. On February 8, 1993, the husband filed a motion to modify the judgment of divorce, requesting that his obligation to pay alimony be terminated, that his obligation to pay the wife’s health insurance premiums be terminated, and that his obligation to pay the wife’s airfare to Palm Beach twice a year be terminated.
Following an ore tenus proceeding, the trial court on May 24, 1993, entered a judgment reducing the husband’s alimony obligation to $2,000 per month and terminating “all other obligations and responsibilities of the [husband] pursuant to the original judgment of divorce and any subsequent orders.”
The husband filed a Rule 59, A.R.CÍV.P., motion requesting the court to vacate its judgment. The husband also requested, in the alternative, that the court clarify paragraph 2 of the judgment to indicate whether the court intended to release him from his obligation to pay for his ■ children’s college educations; both children were over the age of majority at the time of the proceeding and were attending college. The trial court entered an order, amending paragraph two of the May 24 judgment to read “all other obligations and responsibilities of the [husband] to the [wife] pursuant to the original Judgment of Divorce and any subsequent orders issued herein are terminated,” and reaffirming all other provisions of the May 24 judgment. Only the husband appeals.
The husband contends that the trial court erred by denying his motion to terminate his obligation to pay alimony; erred by ordering him to pay alimony in excess of his income; *51 and erred by ordering him to pay alimony in excess of his income when the wife had adequate assets available for her support. We find the dispositive issue on appeal to be whether the trial court abused its discretion by denying the husband’s motion to terminate his obligation to pay alimony.
It is well settled that a modification of periodic alimony, based upon ore tenus evidence, is presumed correct and will not be reversed on appeal unless it is unsupported by the evidence or is plainly and palpably wrong. Stewart v. Kelly, 587 So.2d 384 (Ala.Civ.App.1991).
The husband argues that his testimony and the other evidence presented, reflecting that his income had decreased from $108,000 in 1981 to $75,000 in 1993 and that his current expenses exceed $100,000 per year, mandate a termination of the alimony award to the wife. In 1980 the husband’s adjusted gross income was $118,512 and in 1992 the husband’s adjusted gross income was $117,000. The husband has a trust with a principal balance of over $732,700, a second trust with a principal balance of $350,500, and a Delta Management Account with a principal balance of $871,021. The husband has the option to receive income from, or to withdraw principal from, the Delta Management Account and the $350,500 trust; however, he receives only income from the larger trust. The record also reflects that the husband has a home worth approximately $250,-000; that he had purchased an automobile for one of his sons, for which he paid $11,800 in cash; and that in 1990,1991, and 1992 the husband and his current wife took trips to Europe, Jamaica, Martha’s Vineyard, New York, and Pennsylvania, although the trip to Europe was paid for by the husband’s mother-in-law. We find the husband’s contention that the alimony exceeded his income to be without merit.
The evidence further indicates that the wife has been unable to work since approximately 1983 because of epileptic seizures; that she cannot drive on a regular basis because of her epileptic condition and her epilepsy medication; that the wife’s home-place was on the market, for sale at $300,000; that the mortgage on her homeplace is $17,-910.99; and that the insurance on the home-place is $4,000 per year. The record also reveals that the wife receives $16,000 per year from a trust established by the estate of the wife’s mother, with assets of $677,871, and $7,364 per year from a second trust established by the estate of the wife’s father, with assets of $133,429. However, the wife has only a life interest in the trusts and has no control over the distribution of the assets or any income from the trusts, and, unlike the husband’s trusts, she cannot withdraw any principal from either trust.
After a careful review of the record and the circumstances of this case, we cannot hold that the trial court abused its discretion by denying the husband’s motion to completely terminate his alimony obligation, or that its judgment is plainly and palpably wrong. The judgment of the trial court is affirmed.
The wife’s request for an attorney fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.