Dr. Henry L. Laws and Anne Moore Laws were married in August 1963. Three children were born of the marriage, all of whom are now adults. The husband graduated from Harvard Medical School, and at the time of trial, his medical practice was general surgery. The wife had a bachelor's degree in music education from Samford University and a master's degree in guidance and counseling from the University of Alabama. At the time of the marriage, the wife was employed; however, after 1964, she was not employed outside the home.
The husband and another doctor, J. Barry McKernan, developed a revolutionary surgical technique, "laparoscopic surgery," and subsequently formed a corporation, Laparoscopic Laser Practicum, to teach the new technique. The husband's gross annual income was: $245,191 in 1989; $295,752 in 1990; and $311,554 in 1991.
In January 1991, the husband sued for divorce, alleging incompatibility and an irretrievable breakdown of the marriage. The wife counterclaimed on the same grounds and also alleged adultery. Both parties asked the court to effect a property division. Additionally, the wife asked that she be awarded alimony and attorney fees, and that the husband be required to provide her with hospital and major medical insurance coverage.
On January 19, 1993, after lengthy proceedings, the trial court divorced the parties and entered a judgment, dividing the substantial real estate interests and, among other things, ordering that the husband pay periodic alimony of $4,250 per month. As long as that obligation exists, he must provide and maintain not less than $500,000 insurance on his life, naming the wife as beneficiary. The court also ordered the husband to pay $80,000 alimony in gross, and to maintain, under COBRA, the wife's existing health insurance coverage. Additionally, the husband was to pay $57,500 for the wife's attorney fees and expenses.
The wife appeals, raising four issues. Specifically, she asserts that the trial court abused its discretion in: (1) failing to include the husband's retirement plans in its award of alimony in gross; (2) awarding what she claims is insufficient periodic alimony; (3) refusing to make the husband responsible for her medical insurance premiums and uncovered medical expenses until her death or remarriage; and (4) awarding substantially less in attorney fees than she had requested.
The wife claims that the trial court abused its discretion in failing to include in her alimony in gross award an equitable portion of the husband's individual retirement accounts. Alimony in gross is the present value of the wife's inchoate marital rights, i.e., homestead, quarantine, and a distributive share, which is payable out of the husband's present estate as it exists at the time of the divorce. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974).
The husband owned five retirement accounts, the total value of which exceeded $1.7 million. The trial court awarded to the wife one of those accounts, valued at $480,146.09. The record reflects that the accounts were accumulated during the course of the marriage, thus constituting marital property subject to equitable distribution. Frizzell v. Frizzell, 628 So.2d 871
(Ala.Civ.App. 1993).
Applying the law to the facts of this case, and considering the entire award under the final judgment, including the division of real estate; the wife's age, health, and employment status; the length of the marriage; and *Page 295 
the husband's adulterous conduct, the trial court's distribution of the retirement accounts was inequitable and an abuse of discretion.
A periodic alimony award will not be reversed unless the trial court abused its discretion. Hendrix v. Hendrix,606 So.2d 142 (Ala.Civ.App. 1992). Again, in making such an award the court considers factors such as the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the parties' standard of living, and the conduct of the parties that led to the divorce. Percey v.Percey, 617 So.2d 682 (Ala.Civ.App. 1992). The purpose of alimony is to preserve, if possible, the status quo of the parties. Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App. 1991). After a careful review of the record, and considering the holding concerning the division of the retirement accounts, there was no abuse of discretion in the periodic alimony award.
The wife next contends that the trial court's refusal to make the husband responsible, until her death or remarriage, for her medical insurance coverage and for those medical bills not covered by insurance, was an abuse of discretion.
The trial court's order provides:
 "The Wife shall be entitled under COBRA to maintain the existing health insurance under which she is presently covered through Husband's employment. The Husband shall cooperate fully in maintaining said coverage for Wife and shall take no steps to terminate such insurance. The Husband shall be responsible for and pay such premiums."
The wife has cancer, which has caused her to have a mastectomy. She argues that, in light of her medical condition, she is noninsurable and is indefinitely under the care and supervision of an oncologist, and that under COBRA her insurance coverage will only be provided for 36 months from the date of the final judgment. Thereafter, she says, her medical expenses will become her sole responsibility. Consequently, she argues, the judgment does not give her adequate health care protection and was an abuse of discretion.
The husband responds, citing Powell v. Powell, 579 So.2d 1361
(Ala.Civ.App. 1991); and Elliot v. Elliot, 579 So.2d 1383
(Ala.Civ.App. 1991), for the proposition that in those cases, this court found no abuse of discretion where the trial court failed to hold the husband responsible for the wife's future medical expenses. Those two cases are distinguishable from the present case. In Powell, supra, the trial court did not award periodic alimony; however, this court said: "[I]n view of the wife's illness, we may have reserved the right to award periodic alimony in the future if the need should arise." Id.
at 1362. In Elliot, the trial court included a condition that increased periodic alimony should the wife's insurance coverage cease. Despite those distinctions, and although this court may have reached a different result in this case, the trial court did not abuse its discretion in failing to require the husband to be responsible for the wife's future medical expenses. However, when the wife is required to become responsible for her own medical expenses, the current periodic alimony award may then be inadequate, depending on the state of her health, financial condition, and other needs.
Finally, the wife claims that the attorney fees awarded by the trial court were inadequate. She contends, based on the evidence offered, the complex nature of the case, and the required expert testimony, that the trial court should have awarded her requested attorney fees of $125,000, and that the award of only $57,500 was an abuse of discretion.
 "Allowance of attorney's fees rests in the sound discretion of the trial court, and its judgement will not be reversed except for an abuse of that discretion. In arriving at the value of legal services performed in a divorce action, the trial court may properly consider the following: (1) the nature and value of the subject matter of employment; (2) the learning, skill, and labor necessary to the proper discharge of that employment; (3) the time consumed on the matter in dispute; (4) the professional ability, experience, and reputation of the attorney *Page 296 
performing the services; (5) the weight of his responsibility; (6) the measure of success achieved; (7) any reasonable expenses incurred in the representation of a client; and (8) the fee customarily charged in the locality for similar services. Moreover, the trial court in determining a reasonable attorney's fee may rely on opinion evidence of experts on the subject of fees, and on its own knowledge and experience as to the value of the services performed. Likewise, the earning capacity of the parties and the financial circumstances of the husband may also be considered in establishing the amount of money to which an attorney is entitled for his services."
Lochridge v. Lochridge, 448 So.2d 378, 38081 (Ala.Civ.App. 1984) (citations omitted) (emphasis added). The trial court's order did not specify factors it considered in reaching the award; nevertheless, based on the applicable law and our standard of review, the court did not abuse its discretion.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion. The wife's request for an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs in the result only.
THIGPEN, J., concurs in part and dissents in part.