ROBERTSON, Presiding Judge.
This is a divorce case.
The parties, Mary Joan Parker and David H. Parker, were married in August 1973, and one child, a son, was born of their marriage in 1976. This was the second marriage for both parties.
In March 1992, while the wife was out of the state, the husband removed his belongings from the marital residence in Geneva County and moved to Eufaula, Alabama. On August 5,1992, the husband filed a complaint for divorce in the Geneva County Circuit Court. The husband requested that he be awarded certain property and joint custody of the minor child. The husband also requested that the wife be awarded the marital residence subject to the outstanding mortgage.
On August 19,1992, the wife answered and counter-petitioned on the grounds of abandonment and irretrievable breakdown of the marriage. The wife requested, among other things, that she be awarded certain property, custody of the minor child, child support, alimony, and that her health insurance be maintained by the husband through COBRA. The wife also requested that the husband be ordered to pay her attorney’s fees and that the trial court order the clerk of the court to hold a reference to determine periodic alimony and child support pending a final hearing of the matter.
On August 20,1992, the trial court entered an order directing the clerk of the court to hold a reference for the purpose of determining child support and periodic alimony pending a final hearing. On September 1, 1992, the clerk of the court submitted a report of reference to the trial court, determining that the husband should pay $523 per month as child support, $677 per month as alimony, and the wife’s attorney a $50 fee. On September 3, 1992, the trial court confirmed the report of reference.
On November 18, 1992, the wife filed a petition for a restraining order, alleging that the husband had removed personal properties from their jointly owned properties and the marital residence without her consent. The wife requested that the trial court restrain the husband from removing any other personal properties from their jointly owned properties prior to a hearing on the matter. That same day, the trial court entered an order, enjoining and restraining the husband from removing any personal properties from the jointly owned properties situated in Geneva County before the issuance of a final judgment of divorce.
*1378 Following an ore tenus proceeding on June 2, 1993, the trial court entered a judgment of divorce on July 21, 1993. The trial court awarded custody of the minor child to the wife and awarded the husband reasonable visitation rights. The trial court ordered the husband to pay the wife $511 per month as child support and $500 per month as periodic alimony. The trial court also ordered that the special fund established by the parties to provide for the minor child’s college education be maintained jointly in the name of the husband and the wife. The trial court also expressly reserved the right to provide for the post-minority educational expenses of the minor child. The trial court further ordered the husband to pay all reasonable medical, dental, nursing, eye care, hospital, and other health care expenses incurred in the care and treatment of the minor child. The trial court also ordered the husband to take action as necessary to provide the wife with health coverage through COBRA; to pay the premiums due for the wife’s health coverage; to pay all debts of the marriage except the mortgage on the marital residence; and to maintain his life insurance in force with the minor child as beneficiary until his child support obligation is terminated. The wife was awarded the marital residence and the surrounding 5 acres of land, subject to the outstanding $16,000 mortgage; the membership in REA; a 1980 Toyota; and the proceeds recovered as a result of a medical malpractice suit, except for any damages attributable to direct expenses incurred by the husband. The husband was awarded 65 acres of land in Randolph County; a 1988 Lincoln Town car; a 1969 Ford pick-up truck; and the mobile home located in Eufaula. The trial court awarded the husband use of two and one-half acres of land next to the marital residence for the purpose of tending and harvesting the Christmas trees thereon until the existing trees are depleted. The husband was also awarded the right to use all equipment, tools, or machinery connected to the operation of the Christmas tree farm. The trial court further ordered the husband to pay 25% of the profits earned each year from the operation of the Christmas tree farm to the wife. Each party was awarded specific personal property.
On July 29, 1993, the wife filed a post-judgment motion, alleging that the property division was inequitable, that the judgment failed to address title to specific personal property, and that the awards of alimony in gross and periodic alimony were unjust and palpably wrong. The wife further alleged, among other things, that the award of child support was not in keeping with the Child Support Guidelines of Rule 32, Ala.R.Jud.Ad-min., that the judgment failed to address her claim for attorney’s fees, costs, and expenses, and that the trial court’s award to the husband of the use of two and one-half acres of her property constituted a cloud on her title. On August 6, 1993, the trial court amended the judgment of divorce, ordering the husband to pay the wife’s attorney a $500 fee, deposition costs, and other expenses incurred. On October 20, 1993, the trial court entered an order denying the wife’s post-judgment motion, finding that the award of child support was based upon the gross salary of the husband, that the property division was an equitable division, and that it had failed to provide for the 1987 Dodge Dakota, which it awarded to the wife. The trial court also stated that the husband’s right to use the two and one-half acres is subordinated to the wife’s refinancing of the mortgage or obtaining a home equity loan.
The wife appeals, contending that: (1) the trial court did not make an equitable division of the marital properties; (2) the trial court’s award of alimony in gross was plainly and palpably wrong and an abuse of discretion; (3) the trial court’s award of periodic alimony was plainly and palpably wrong and an abuse of discretion; (4) the trial court failed to correctly assess the husband’s income and, therefore, incorrectly applied the child support guidelines; and (5) that the trial court erred in refusing to grant the wife’s motion for a new trial.
While the wife sets out five issues on page 14 of her brief, she fails to properly argue any issues other than the division of property and the award of periodic alimony. Also, one of her issues relates to alimony in gross, which was not awarded by the trial court unless you consider that to be the same as the property division. The only citations of *1379 authority given relate to the property division and periodic alimony. Rule 28(a)(5), Ala.R.App.P., provides that “[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.” See also McLemore v. Fleming, 604 So.2d 353 (Ala.1992).
Matters such as alimony and the division of marital property in a divorce action are committed to the sound discretion of the trial court. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Further, the trial court’s decision, following the presentation of ore tenus evidence, is presumed correct, and this court will not reverse that decision absent a showing of an abuse of discretion. Id. While a property division need not be equal, it must be equitable. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985). A property division and the award of periodic alimony are interrelated, therefore, we must consider the entire judgment in determining whether the trial court abused its discretion in either of those issues. Montgomery, supra.
The record reflects that the parties were married in August 1973 and at the time of the marriage, the wife was the owner of a house and five acres of land in Coffee Springs, Alabama, that she had received in the divorce settlement of her first marriage. The record also reflects that the property was subject to a $16,000 mortgage and that in September 1973 the wife executed a deed conveying the property to herself and the husband. The testimony of the husband and the wife reveals that in 1977. the mortgage was increased by $10,000 to pay for the construction of a carport and the purchase of air conditioning and heating units. The record further reflects that the parties occupied the property until 1987 when they moved to Eufaula, Alabama, because of the husband’s job transfer. The parties lived in Eufaula until 1989, when the husband was transferred to Dothan. The record reflects that the parties moved back into the wife’s property where they lived together until the husband moved out in March 1992. The husband further testified that he did not want the marital residence.
The husband also testified that the parties began having marital problems in approximately 1980. The husband admitted that part of the problem was that wife suffers from Crohn’s disease, which at times made marital relations difficult if not impossible. The wife and Dr. David Nelson Rhyne, one of her treating physicians, testified that the wife suffers from Crohn’s disease, which is a chronic inflammation of the bowel, causing swelling, the development of ulcerations, and ultimately, fistulas. Dr. Rhyne testified that a fistula is an opening in the wrong area whereby body products can go from the colon to an outward area and that fistulas cause abscesses, fever, local pain, and scarring. Dr. Rhyne and the wife both testified about the progression of her disease, the recurrent fistulas, that she may have to have a colostomy as a result of the disease and the resultant scarring. Dr. Rhyne also testified that the wife experienced pain and had continued to function but that she cannot take her pain medication and work. Dr. Rhyne further testified that in his opinion it would be extremely difficult for the wife to be gainfully employed in her present condition, but it was his opinion that if she had a colostomy and did not have continued pain in the rectum and perineum, then she could be employed.
The wife testified that not all of her medical expenses were covered or paid by health insurance and that she would not be able to obtain new health insurance because of her disease. The wife also testified that she was employed throughout the marriage until November 1991 when she had to cease working because of her health. The wife further testified that her monthly expenses, including house payment, utilities, medications, groceries, and COBRA insurance, totaled $1395 per month.
The trial court in its order of October 20, 1993, denying the wife’s post-judgment motion, stated:
“Even though the wife acquired the [marital residence] prior to the parties’ marriage, it was used as their home during the nineteen year marriage and the parties *1380 had accumulated a substantial equity in the home.
“The husband was awarded certain ancestral property acquired from his parents or other members of his family. This property was located in Randolph County. He was also awarded a mobile home in Eufaula, Alabama.
“In the opinion of the Court, this was an equitable division of the real property of the parties.
“The husband was to pay all of the debts of the parties accumulated during the marriage, except for the mortgage payment on the house, which the wife was to pay.
“The Court has reviewed the division of personal property and finds it to be an equitable division.... ”
The trial court also stated in said order that the wife was awarded $500 per month plus $215 per month for COBRA coverage as periodic alimony. The trial court found that the wife had a net income of $1226 per month and that the husband had a net income of $1399.38 per month.
After a careful review of the record, we cannot find that the wife has shown that the trial court abused its discretion in its division of property and/or its award of periodic alimony.
The judgment of the trial court is due to be affirmed.
The wife’s request for an attorney fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.